**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DUSTAN RYAN KILLINGSWORTH,** | § | |
| **PLAINTIFF,** | § | |
| **V.** | § | **A-26-CV-01489-RP** |
| | § | |
| **IRS,** | § | |
| **DEFENDANT.** | § | |

**ORDER**

Before the Court is Plaintiff Dustan Ryan Killingsworth's complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff complains he only received from the Internal Revenue Service (IRS) $1,400 of his "covid-19 inmate stimulus checks." He asserts he wants the remaining $1,800. The Court presumes Plaintiff is complaining he did not receive all the Economic Impact Payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff asserts he filed to claim the credit, but he does not state whether the IRS acknowledged the claimed credit. Plaintiff states he wants to be approved for the $1,800.

Pursuant to 28 U.S.C. § 1346(a), the United States consents to be sued in the district court for refund of taxes. But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS. *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a). To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010).

While Plaintiff asserts he claimed a recovery rebate credit on his tax return, he fails to allege he filed an administrative claim as required by section 7422(a) of the Internal Revenue Code. Plaintiff appears to have filed his complaint before he exhausted his administrative remedies. Accordingly, Plaintiff's complaint is dismissed without prejudice for want of jurisdiction.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction for Plaintiff's failure to properly exhaust his administrative remedies before he filed his complaint in federal court.

SIGNED this 29th day of July 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE